Filed 8/20/15  P. v. Nonnette CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062218 |
| v. | (Super.Ct.No. FVI1302571) |
| NARVIS GENE NONNETTE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Dwight W. Moore, Judge.  Affirmed.

Patricia M. Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Narvis Nonnette was sentenced to 16 months after pleading no contest to attempted failure to register as a sex offender and admitting a prior strike conviction. We affirm the conviction and sentence.

1

Defendant was required to register as a sex offender after a 1987 conviction. The San Bernardino County Sheriff's Department crime report succinctly describes the circumstances of the current crime: "Nonnette has been registering as a transient sex offender. He was not found at any of the places he listed as frequenting during compliance checks. On 07/31/2013, Nonnette came to the Victorville City Sheriff's Station to complete a 30-day transient registration. During an interview with Nonnette, he said he was living at a house on Pluto near Bear Valley and would not provide the address, and has been staying at his mother's residence in Temecula and would not provide her address. Nonnette registered as moving to Montclair, but has not registered with the Montclair Police Department or any other law enforcement agency."

On August 4, 2014, the People filed a first amended felony complaint charging defendant in count one with failing to register (Pen. Code, § 290.010)[1] and in count two with failing to advise the prior agency of a move (§ 290.013). The People alleged that defendant had a prior strike conviction (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)).

On August 5, 2014, the complaint was amended by interlineation to add count three—attempted failure to register (§§ 664, 290.010). On that date defendant pled no contest to count three and admitted the prior strike conviction. The court released defendant on a *Cruz*[2] waiver.

---

[1] All section references are to the Penal Code unless otherwise indicated.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

On October 21, 2014, the court sentenced defendant as agreed to the low term of eight months, doubled to sixteen months for the prior strike conviction.

On October 22, 2014, defendant filed a notice of appeal challenging the validity of the plea or admission. His request for probable cause was denied.

On November 4, 2014, defendant filed an amended notice of appeal based on the sentence or other matters not affecting the validity of the plea.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record. Counsel has brought to our attention the issue of whether attempted failure to register is a cognizable offense. As counsel conceded, this issue cannot properly be addressed on appeal from a guilty plea without a certificate of probable cause (§ 1237.5).[3]

---

[3] Defendant raises this issue in his petition for writ of habeas corpus (case No. E063456), which we ordered considered with this appeal. We will resolve that petition by separate opinion.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The conviction and sentence are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                                    P. J.

We concur:

MILLER
                        J.

CODRINGTON
                        J.

4